# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRY L. WIMBERLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-735-JCH |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 184208), an inmate at the Missouri Eastern Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $29.03. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $145.17, and an average monthly balance of $8.46. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $29.03, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### The Complaint

Plaintiff, an inmate at the Missouri Eastern Correctional Center ("MECC"), seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Correctional Medical Services ("CMS"), Dewayne Kempker, Diane Simmerly, Unknown Hill, Glen Babich, Michael Hakala, Unknown Knowles, Elizabeth Conley, Mark Monayhan, Unknown Cabrerra, and "Unknown medical staff of Correctional Medical Services at Missouri Eastern Correctional Center and Southeastern Correctional Center."

Plaintiff's allegations arise out of a myriad of different occurrences that took place at MECC, the Northeast Correctional Center ("NECC"), and the Southeast Correctional Center ("SECC"), beginning in February 2011. For example, plaintiff claims that he was denied medical treatment at SECC in February 2011; at some

unspecified later date, also at SECC, he received surgery for a testicular problem, which he believes was not executed properly; following surgery, he was transferred to NECC, where "he had several declarations done by inmates" that "have been taken"; at some unspecified later date, he was transferred to MECC, where he claims he has been discriminated against due to his inability to utilize the grievance system because he has dyslexia and is illiterate; although he has a medical lay-in prohibiting him from prolonged standing, he has been assigned to jobs at MECC that require prolonged standing; he was denied IRR's at MECC; he was terminated from "the dog program" at MECC because of his "inability to learn and read well"; another inmate has suffered retaliation at MECC; he is being denied access to the courts in that "everyone who helps [him] is targeted"; and MECC policy number IS8-1.3 is unconstitutional. The separate claims bear little or no relationship to each other.

## Discussion

Rule 18(a) of the Federal Rules of Civil Procedure states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

As such, multiple claims against a single party are valid. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

For the most part, however, the instant action presents a case involving multiple claims against, not one, but more than ten defendants. Indeed, it appears that plaintiff is attempting to bundle almost every claim he might have ever had against an MECC, NECC, SECC, or CMS employee into one lawsuit. Such pleading practices are not allowed, especially in prisoner actions where there could be an incentive to avoid paying separate filing fees. *See id.* (district court should question joinder of defendants and claims in prisoner cases). Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions, even if they occur at the same correctional institution, much less at three different correctional centers. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay

the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him an opportunity to file an amended complaint in this action.[1]  In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence.  Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other.  *See* Fed.R.Civ.P. 18(a) and 20(a)(2).  Application of this rule will usually result in a complaint containing claims relating to just one event or time period at one correctional center.

Having decided upon the transaction or occurrence he wishes to pursue, plaintiff shall set forth in the "Caption" of the complaint the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered

---

[1]The Court will instruct the Clerk to mail plaintiff a blank form complaint for the filing of a prisoner civil rights action.  Plaintiff must complete his amended complaint on the court-provided form.

paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. Plaintiff shall proceed in this manner with each of the named defendants, *separately* setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated. The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim." Plaintiffs shall sign the amended complaint.

Plaintiff is reminded that he is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's failure to make specific and actionable allegations against any of defendant(s) will result in that individual's dismissal from this case.[2] Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the

---

[2]The Court will review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed in this lawsuit.

named defendants at this time. Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews. *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Last, if plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence, he must file each such claim(s) on a separate complaint form and either pay the $350 filing fee or file a motion for leave to proceed in forma pauperis and certified inmate account statement.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $29.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth above, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a blank form complaint for the filing of a prisoner civil rights action. Plaintiff may request additional forms from the Clerk, as needed.

Dated this  3rd  day of May, 2012.


                                          /s/Jean C. Hamilton
                                          UNITED STATES DISTRICT JUDGE